## WILLIAM E. MILLER

### *v.*

## HENRY T. BLOW.

1. PLEADING—*entitling pleas and replications.* The presumption being that all pleadings are filed at the same term, it is unnecessary to entitle a plea or replication as of any term of the court. This rule is not applicable to pleas in abatement. Thus, where a replication was filed at the March term, 1872, of the court, entitled as of the October term, 1872, the entitling was held surplusage, and not to vitiate it.

2. SAME—*replication to plea of set-off in debt.* To a plea of set-off in an action of debt, the plaintiff replied "that, at the time of the commencement of this action, the said plaintiff was not indebted in manner and form in the sum of money in said plea mentioned, nor in any other sum of money, or any part thereof, for work and labor and services done and performed by said defendant for said plaintiff at his request," etc: *Held,* on special demurrer to the same, that it contained more than the general issue, but that the redundant words might be rejected as surplusage, and the replication sustained.

3. The rule requiring a pleading to be in form does not require the use of the precise words employed in approved precedents. If equivalent words conveying the same meaning are used, it will suffice, and still be in good form. Thus, the words in *nil debet,* "was not indebted in manner and form," etc., instead of "does not owe the said sum of money above demanded, or any part thereof, in manner and form," etc., convey the same meaning, and will be good in form.

4. SAME—*modern tendency to discard technicalities in.* The tendency of courts in modern times is to dispense, as far as possible, with mere technical forms in pleading, so that there is enough to enable justice to be fully and fairly administered.

5. PLEADING AND EVIDENCE—*variance.* Where a count of a declaration in debt for rent upon a written lease described the demised premises by the government surveys, without the reservation of any part of the land

contained in such boundaries, a lease describing the land by numbers, but reserving all right of way held by all railways passing through the premises, it was *held*, that the lease was not admissible in evidence under such count, as it was variant from that described.

6. DECLARATION—*sufficiency of, in debt for rent on written lease.* In an action of debt for rent due under a written lease, a count of the declaration averred generally that the plaintiff demised by a written lease to the defendant certain premises, without describing them, for specified periods of time, for a specified annual rent, stating the times of payment, rate of interest, date of lease, etc., in all which particulars it corresponded with the lease. It was objected that the description of the lease was too vague to admit its introduction in evidence: *Held*, that the count was good, and the lease admissible in evidence under the same.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of debt on a lease, brought by Henry T. Blow against William E. Miller. The second count of the declaration was as follows:

" And for that, whereas the said plaintiff, heretofore, to-wit: on, etc., at, etc., demised by written lease to the said defendant a certain messuage and premises with the appurtenances, to have and to hold the same for a certain term of years, to-wit: one part of said premises from the 2d day of March, 1869, up to the 31st day of December, 1874, and another part thereof from the 23d day of October, 1868, to the 31st day of December, 1874, yielding and paying for said messuage and premises the yearly rent of $1000, from and after the 31st day of December, 1869, payable in advance on the 1st day of January then next ensuing, until the completion of the said term, said rent or any part thereof bearing interest at the rate of ten per cent per annum from due until paid; by virtue of which said demise said defendant entered the premises and was possessed thereof from thence hitherto, when a large sum of money, to-wit: the sum of $2000 of the rent aforesaid, became and was due and payable from said defendant to said plaintiff, and still is in arrear and unpaid to the

20—68TH ILL.

said plaintiff, whereby an action has accrued to the said plaintiff to demand and have the said sum of $2000 above demanded; yet the said defendant has not as yet paid the said sum of $2000 above demanded, or any part thereof, although often requested so to do, but has refused and still refuses, to the damage," etc.

At the March term, 1872, the plaintiff filed his replication to the defendant's third plea, which was set-off. The replication was entitled "October term of St. Clair circuit court, A. D. 1872." The defendant demurred specially to this replication, because it did not traverse the indebtedness in manner and form as alleged in the plea; because it sought to introduce an immaterial issue, whether plaintiff was or was not indebted to defendant otherwise than as alleged in the plea; because it was entitled of the October term of the court instead of the March term thereof, or other term at or before which it was filed, and because it sought to traverse indebtedness for a specific sum. The court overruled the demurrer.

The lease offered in evidence described the premises by their numbers. It provided for the payment of the rent as stated in the declaration, and "all taxes, general or special," which might be assessed against the premises, or any part thereof, during the term. It was also provided "that all such parts and portions of the lands," etc., "which are subject to the right of way of any railroad company or companies, are not intended to be affected by this indenture, but that any and all such rights and any and all portions of said lands now subject to such rights and easements are excepted from the operation of the same."

The plaintiff recovered judgment for $2000 debt and $355.56 damages and costs of suit.

Mr. WM. H. UNDERWOOD, for the plaintiff in error.

Messrs. G. & G. A. KŒRNER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by defendant in error, in the St. Clair circuit court, against plaintiff in error. The action was on a lease, and the declaration contained two counts. The first was on a lease, describing the premises by the government surveys, setting out the time the lease was to run and the sum to be paid, and the times of payment, and the rate of interest it was to bear if not punctually paid, with particulars as to terms, conditions, etc.

The second count is on a written lease of certain premises, for certain terms of years, on one part of the premises, commencing on a day specified, and the other part commencing on another, and the term on both ending on the same day, at a specified sum annually, payable in advance on the 1st of January each year, and any part thereof not paid when due to bear ten per cent interest per annum after maturity.

To the first count defendant pleaded *non est factum*, and to the second *nil debet*, and to both counts set-off of $300. To the third plea plaintiff added: "General traverse and issue to the country." To this replication a demurrer was sustained. Plaintiff thereupon filed a replication " that, at and before the time of the commencement of this action the said plaintiff was not indebted, in manner and form, in the sum of money in said plea mentioned, nor in any other sum of money, or any part thereof, for work and labor and services done and performed by said defendant for said plaintiff at his request, and this, plaintiff prays may be inquired of by the country."

To this replication defendant demurred specially: because it did not traverse the indebtedness in manner and form as alleged in the plea; because it seeks to introduce an immaterial issue, and because the plea is entitled of the October term, instead as of the March term, and because it seeks to traverse indebtedness for a specific sum. The demurrer was overruled and the defendant abided by his demurrer. This replication was filed at the March term, 1872, and on the 12th

day of April of that year, and is entitled as of the October term, 1872, and the question of entitling the plea is thus presented.

The modern practice in the courts of both this country and Great Britain is more liberal than it was anciently. Much of the technical rubbish has been brushed away, and the courts left more free and less trammeled in the administration of justice. The tendency of courts in modern times has been, as far as possible, to dispense with mere technical forms, so that there is enough to enable justice to be fully and fairly administered. But in pleading, under the statute a party has the right to interpose a special demurrer to pleadings, and thus present questions of form, and, fortunately, but little delay is thus produced, as, when thus challenged, the court, as a matter of course, permits an amendment without a continuance, and, almost without exception, attorneys avail themselves of the easy means of thus amending, thus preventing delay and the presentation of questions on error only involving form, without profit to any person, unless it be to the officers of the law.

There was a time when the practice required, where a plea or replication was filed at a term subsequent to the declaration, it should recite an imparlance, but that requirement has been long dispensed with as useless, and the want of such a recital can no longer be urged as an objection. It was first relaxed in the King's Bench and Common Pleas, where the suit was brought by original writ.

In *Waymark's* case, 5 Coke R. 75 b, in the King's Bench the practice at that time was, after the bar pleaded the plaintiff has a day to reply, and even two or three terms after; no mention in the roll is made of an imparlance or continuance; but when he replies or rejoins, it shall be intended that it was entered at the term at which the bar was pleaded.

In the case of *Mellor* v. *Walker*, 2 Saund. R. 2, Sergeant Williams, in note 2 to that case, says: "Nor is there any continuance entered on the plea in the record, in the C. B. or of

the K. B., when the proceeding is by original writ, for the declaration and all the other proceedings are supposed to be of the same term." Even at that early day the useless and cumbrous form of reciting in the beginning of the replication that there had been an imparlance, had grown into disuse, where the suit was by original writ. And our practice being to commence all actions by summons, conforms more nearly to the original writ than to the bill. It is believed that the practice of reciting an imparlance in pleas in bar, has long since gone into disuse in England, where the suit is by bill. The practical tendency of modern times is, to free the courts of useless and unmeaning forms, and there can nowhere be found a disposition to return to this one which has been wisely discarded in practice.

The presumption, then, being that all pleadings are filed at the same term, it was unnecessary to entitle this replication of any term, and it having been entitled of an impossible term, the entitling will be rejected as surplusage. The rule here announced is not intended to apply to pleas in abatement.

As to the special grounds of demurrer, that the replication contains more than the general issue in the action of debt, the majority of the court are of the opinion that the redundant words may be rejected as surplusage, and the replication sustained.

The replication contains the words "was not indebted in manner and form in the sum of money in the said plea mentioned," instead of the words "that he does not owe the said sum of money above demanded, or any part thereof, in manner and form," etc. We have never understood that the rule requires that a plea, to be in form, must use the precise words employed in the approved precedent. Other equivalent words conveying precisely the same meaning will suffice, and still be good in form.

In a plea of *nil debet*, the words "is not indebted" convey the same meaning as "does not owe." We therefore think

the court below did right in treating the redundant words as surplusage, and in overruling the demurrer.

As to what is said as to the understanding of counsel about regarding the replication as being amended, we can not regard it, as it is not found in the record. and all know we can only consider and be governed by what is found therein.

It is urged that the court below erred in admitting the lease in evidence. It is insisted that there was a material variance that should have excluded the lease when offered. Had the declaration only contained the first count, then the objection would have been well taken. It counted on a lease of premises described by the government surveys, without any reservation of a portion of the land contained in such boundaries. The lease demises certain lands described by numbers, but reserves from the operation of the demise all right of way held by all railways passing through the premises. The reservation in the lease impliedly asserts that railways having right of way pass over the land, and thus we see a material variance between the lease and that described in the first count of the declaration.

But the second count presents a different question. It avers generally that plaintiff demised by a written lease, to defendant, certain premises, without describing them, for specified periods of time, for a specified annual rent, stating the times of payment, rate of interest, date of lease, etc., in all of which it corresponds with the lease, and presents no grounds of variance.

But it is urged that the description of the lease in this count is too vague to admit of its introduction in evidence.

This count is almost a literal copy of a precedent found in the second volume of Chitty's Pleadings, at page 431. It only fills up dates, amounts, and states the times when the rent became due, and in this consists the material difference. In a note to that form, it is said that this is the only case in which the plaintiff may declare generally, and produce a deed in evidence in support of the declaration. And *Warren*

v. *Causett*, 2 Ld. Raym. 1503, is referred to in support of the rule, and the case is found to sustain the form. And note 1 to the case of *Luppa* v. *Mayo*, 1 Saund. R. 276, sustains such a precedent. Sergeant Williams gives as the reason for the departure from the general rule of pleading, that in such a case the lease is regarded rather as inducement, and being so, it is only necessary for the lessor to state generally that he demised the premises, without saying that it was by indenture.

At common law, leases were made for any number of years simply by parol agreements, and hence the form of declaration, as in the second count, was adopted; and when the Statute of Frauds was enacted, that form was continued, and the indenture was admissible under such a count. We are, however, aware of no other exception, unless it arise under the Statute of Frauds, as in case of leases.

We are of opinion that the lease was properly admitted under the second count, and that the judgment of the court below must be affirmed.

<div align="right">

*Judgment affirmed.*